# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35349-2008

| | | |
|---|---|---|
| SPOKANE STRUCTURES, INC., a Washington Corporation, | ) ) ) | Boise, November 2009 Term |
| Plaintiff-Appellant, | ) ) | 2009 Opinion No. 6 |
| v. | ) ) | Filed: January 28, 2010 |
| EQUITABLE INVESTMENT, LLC, an Idaho Limited Liability Company, a.k.a SYSTEMS TECHNOLOGIES, | ) ) ) ) | Stephen W. Kenyon, Clerk |
| Defendant-Respondent. | ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. John P. Luster, District Judge.

The judgment of the district court is vacated.

Wetzel, Wetzel, Gredeson & Holt, P.L.L.C., Coeur d'Alene, for appellant. Steven C. Wetzel argued.

Paine Hamblen LLP, Coeur d'Alene, for respondent. Patrick E. Miller argued.

_____

EISMANN, Chief Justice.

This is an action to recover damages for preparing plans and specifications for a building remodel. The parties had entered into a "Design/Build Agreement," but after the plaintiff prepared the plans for the remodel, the defendant elected not to proceed with the project. The district court granted summary judgment holding that the parties had an express contract that did not obligate the defendant to pay any money if it elected not to proceed with the project and that recovery under any equitable theory was precluded because of the existence of the express contract. Because the parties did not have a binding contract, we vacate the summary judgment and remand for further proceedings.

# I.  FACTS AND PROCEDURAL HISTORY

Equitable Investment, LLC, (Landowner) approached Spokane Structures, Inc., (Builder) about designing the remodel of a building into a commercial office and warehouse and then providing the labor and materials for the remodel.  The parties executed a one-page document entitled "Design/Build Agreement," which provided as follows:

> This agreement between SPOKANE STRUCTURES, INC. and Systemstechnologies [sic] sets forth the scope of the work to be performed by SPOKANE STRUCTURES, INC. in the design and construction of an office and warehouse of approximately 7950 sq. ft. located in Hayden, Idaho.  Spokane Structures, Inc. agrees to design, engineer, and draft plans in preparation of all documents/drawings required to enable the owner and contractor to agree on a final design and cost of construction to be performed.  As a minimum the drawings to be prepared should include:
>
> > 1.  Site and location plans to determine building location and elevation, set backs from property lines and utility locations.
> > 2.  Building foundations, slabs and sidewalks.
> > 3.  Building floor plans.
> > 4.  Schedules of doors, windows, finishes, etc.
> > 5.  Exterior building elevation to show style, form and finish.
> > 6.  Building sections to show sufficient detail required to achieve style and to show code compliance.
> > 7.  Electrical system layout.
> > 8.  Heating, air conditioning and ventilation to show all equipment and ducting.
> > 9.  Plumbing system layout including location of all special requirements, hose bibs, etc.
>
> A final cost for construction will be provided upon completion of the plans and approval from the City of Hayden Building Department.  The cost for construction is not to exceed $605,000.00, which includes all costs associated with construction, including overhead and profit.  Change orders will be handle [sic] in writing only, and billed at cost of change plus 20% for profit and overhead.  Billing for construction will be monthly progress billing on the percentage of completion method.  This agreement is contingent upon the owners getting financing.  Should financing not be obtained Spokane Structures, Inc. will be paid $5000.00 for the plans.  A $2,500.00 retainer is required at signing of this agreement.

Builder commenced working on plans for the remodel, and Landowner requested various changes including increasing the building size by 5,000 square feet.  On March 16, 2007, Builder completed a final design incorporating those requested changes.  It sent Landowner the remodel plans along with a proposed construction contract signed by Builder under which it agreed to complete the project for $644,092.  Landowner decided not to follow through with the project.

2

On June 7, 2007, Builder filed a complaint alleging that the Design/Build Agreement was a binding contract and seeking either specific performance of the agreement or damages for breach of contract, unjust enrichment, quantum meruit, or promissory estoppel. Landowner filed an answer, and on February 12, 2008, it moved for summary judgment. At the hearing on the motion for summary judgment, the district court orally ruled that the Design/Build Agreement was an unambiguous, express contract; that Landowner could not have breached the contract because its terms did not obligate Landowner to do anything; and that Builder could not recover on any equitable theories because there was an express contract.

On April 15, 2008, the district court entered an order granting Landowner's motion for summary judgment. On June 17, 2008, after briefing and argument, the court entered an order awarding Landowner court costs, including a reasonable attorney fee, in the sum of $14,446.75.

On May 23, 2008, Builder had filed a notice of appeal. The district court did not enter a final judgment until June 24, 2008, and then on July 15, 2008, it entered an amended judgment which included the award of costs.

## II. ANALYSIS

### A. Do We Have Jurisdiction To Hear this Appeal?

Before we address the merits of the appeal, we will consider the effect of Builder's premature notice of appeal. Insofar as is relevant to this case, an appeal as a matter of right could only be taken from a judgment, order, or decree that was final. I.A.R. 11(a)(1). In this case, Builder filed its notice of appeal before entry of the final judgment, and it stated in the notice of appeal that it was appealing "from the Order granting summary judgment entered in the above-entitled action on the 15th day of April, 2008." In addition, the clerk's record on appeal was prepared and filed with this Court before the final judgment was entered, and therefore the final judgment was not in the record on appeal. After this Court raised the lack of a final judgment during oral argument, Landowner supplemented the record with copies of the final judgment and the amended judgment.

At the time Builder filed its notice of appeal, the district court had entered its order granting summary judgment. That order stated:

3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there exists no issue as to any material fact and that Defendant is entitled to judgment as a matter of law.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment against Plaintiff be, and it is, granted and that judgment will be entered in favor of the Defendant Equitable Investment, LLC, and against the Plaintiff, Spokane Structures, Inc.

This order did not constitute a judgment. As we stated in *In re Universe Life Insurance Co.*, 144 Idaho 751, 756, 171 P.3d 242, 247 (2007), "An order granting summary judgment does not constitute a judgment."

Rule 56(c) of the Idaho Rules of Civil Procedure provides with respect to a motion for summary judgment:

The *judgment sought* shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Emphasis added.)

The "judgment sought" is not an order granting a motion for summary judgment. The judgment sought is a final determination of a claim or claims for relief in the lawsuit. This Rule must be read in context with Rules 54(c) and 58(a) of the Idaho Rules of Civil Procedure.

Rule 54(c) states that "every final judgment shall grant the *relief* to which the party in whose favor it is rendered is entitled."[1] (Emphasis added.) The relief to which a party is entitled is not the granting of a motion for summary judgment. The Rule refers to the relief to which the party is ultimately entitled in the lawsuit, or with respect to a claim in the lawsuit.[2] The granting of the motion for summary judgment is simply a procedural step towards the party obtaining that relief.

The "relief to which the party . . . is entitled" must be read in connection with other rules. Rule 8(a)(1) provides, "A pleading which sets forth a claim for relief . . . shall contain . . . (2) a

---

[1] Rule 54(c) states in full:

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

[2] If there is more than one claim in a lawsuit, a judgment on one claim would not be a final judgment unless it was certified as final under Rule 54(b)(1) of the Idaho Rules of Civil Procedure or judgment had already been entered on the other claim(s).

4

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled." The "demand for judgment for the relief to which he deems himself entitled" obviously refers to the relief that the party seeks in the lawsuit. For example, neither the Builder in its complaint nor the Landowner in its answer prayed for the granting of a motion for summary judgment. In this case, the relief sought by Builder was either specific performance of the Design/Build Agreement or damages, and the relief sought by Landowner was dismissal of Builder's complaint. The relief to which a party is entitled is the specific redress or remedy that the court determines the party should receive in the litigation, or with respect to a claim for relief in the litigation.

Rule 58(a) requires that "[e]very judgment shall be set forth on a separate document." That requirement was added to the Rules of Civil Procedure in 1992. *Hunting v. Clark County School Dist. No. 161*, 129 Idaho 634, 637, 931 P.2d 628, 631 (1997). "The purpose of this rule is to eliminate confusion about when the clock for an appeal begins to run. The separate document requirement was also designed to eliminate uncertainty over what actions of the district court are intended to be its judgment." 46 Am. Jur. 2d *Judgments* § 70 (2006) (footnotes omitted). Thus, in *Hunting*, 129 Idaho at 637, 931 P.2d at 631, we held that an "'Order Granting Defendant's Motion for Summary Judgment,' stating that '[p]laintiff's complaint is dismissed with prejudice'" was not a judgment that started the running of the time for appeal because it was not a separate document.

Unfortunately, this Court has at times contributed to the confusion by focusing upon whether the document "adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties," *Davis v. Peacock*, 133 Idaho 637, 641, 991 P.2d 362, 366 (1999), without also requiring that it be "a separate document" that "grant[s] the relief to which the party in whose favor it is rendered is entitled," I.R.C.P. Rules 58(a) & 54(c). Thus, in *Davis v. Peacock* we held that there was a final judgment even though "it does not appear that the district court ever expressly dismissed or ruled on Peacock's counterclaim." 133 Idaho at 640, 991 P.2d at 365. Similarly, in *Scaggs v. Mutual of Enumclaw Insurance Co.*, 141 Idaho 114, 117, 106 P.3d 440, 443 (2005), we held that a "Decision and Order" was a final judgment even though the order was not a separate document. At the end of the five-page written decision, the district court had merely typed, "It is so ordered."

5

In order to clarify what a final judgment is, we restate: "As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. It must be a separate document that on its face states the relief granted or denied." *Camp v. East Fork Ditch Co.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002) (citations omitted). Although it would be better practice to entitle the document "Judgment" in order to avoid any confusion, the title is not determinative. "Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title." *Id.* For example, a document entitled "Order" that stated "It is hereby ordered that the complaint is dismissed" would constitute a judgment. It would set forth the relief to which the party was entitled.

Obviously, however, merely typing "It is so ordered" at the end of a memorandum decision does not constitute a judgment. The judgment must be a separate document that does not contain the trial court's legal reasoning or analysis. Rule 58(a)(1) provides that a trial court "shall sign the judgment" "upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied." Likewise, Rule 58(a)(2) states that the trial court "shall approve the form and sign the judgment" "upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories."[3] Obviously, the judgment that the court is to sign must be a document that is separate from the jury's verdict or the court's decision. Similarly, Rule 54(d)(5) of the Idaho Rules of Civil Procedure shows that the jury verdict or a decision of the court is not the same as a judgment. That Rule provides:

---

[3] Rule 58(a) provides:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the court shall sign the judgment and the judgment shall be entered by the judge or clerk; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall approve the form and sign the judgment, and the judgment shall be entered by the judge or the clerk. Every judgment shall be set forth on a separate document. The filing of a judgment by the court as provided in Rule 5(e) or the placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. The entry of judgment shall not be made in a divorce or annulment action unless and until the prevailing party furnishes to the clerk a completed certificate of divorce or annulment on a form furnished by the department of vital statistics. In addition, entry of judgment shall not be made as to any decree that contains the obligation for one party to pay child support unless and until it is accompanied by the completed transmittal form to the Department of Health and Welfare.

6

At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.

Because the memorandum of costs is to be filed "after . . . a decision of the court" but not later than "fourteen (14) days after entry of judgment," the "decision of the court" resolving the lawsuit and the "judgment" must be two different documents.

In this case, the district court signed an order granting summary judgment and an order awarding court costs, but it did not then sign a separate document that would constitute a judgment until one month after Builder had filed its notice of appeal. Thus, Builder's notice of appeal was premature. "Numerous civil cases in Idaho hold that a premature notice of appeal is ineffective to vest jurisdiction on appeal." *Department of Health & Welfare v. Doe*, 147 Idaho 357, 358-59, 209 P.3d 654, 655-56 (2009). However, Idaho Appellate Rule 17(e)(2) provides, "A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal." Since the district court's grant of Landowner's motion for summary judgment resolved all of the substantive issues in this case, we hold that Builder's premature notice of appeal became valid upon the entry of the final judgment on June 24, 2008. We therefore have jurisdiction to hear this appeal. *See Meridian Bowling Lanes, Inc. v. Meridian Athletic Ass'n, Inc.*, 105 Idaho 509, 511, 670 P.2d 1294, 1296 (1983).

### B. Did the District Court Err in Dismissing the Complaint?

The district court held that the Design/Build Agreement was an express contract; that Landowner did not breach the contract because it did not obligate Landowner to do anything; and that the express contract barred Builder's equitable claims. The district court erred in holding that the Design/Build Agreement was a contract.

During oral argument on appeal, both parties admitted that the Design/Build Agreement was not a binding contract because it was merely an agreement to agree. "It is essential to an enforceable contract that it be sufficiently definite and certain in its terms and requirements so that it can be determined what acts are to be performed and when performance is complete."

7

*Dale's Service Co., Inc. v. Jones*, 96 Idaho 662, 664, 534 P.2d 1102, 1104 (1975). Under the Design/Build Agreement, the parties left for future agreement both the plans and specifications describing the scope of the work to be done and the contract price, which were essential, interrelated terms. "No enforceable contract comes into being when parties leave a material term for future negotiations, creating a mere agreement to agree." *Maroun v. Wyreless Systems, Inc.*, 141 Idaho 604, 614, 114 P.3d 974, 984 (2005) (quoting from 17A Am. Jur. 2d *Contracts* § 181 (2004)). Therefore, we vacate the judgment, the award of costs and attorney fees, and the order granting summary judgment.

**C. Is Builder Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code § 12-120(3)?**

Builder seeks an award of attorney fees on appeal pursuant to Idaho Code § 12-120(3). That statute provides for the awarding of a reasonable attorney's fee to the prevailing party in various types of civil actions. Because we do not yet know who will prevail in this action, any determination of the prevailing party is premature. *City of McCall v. Buxton*, 146 Idaho 656, 667, 201 P.3d 629, 640 (2009). If the district court on remand determines that Builder is the prevailing party in this action, it may award Builder attorney fees for this appeal. *Lexington Heights Dev., LLC v. Crandlemire*, 140 Idaho 276, 287, 92 P.3d 526, 537 (2004).

**III. CONCLUSION**

We vacate the judgments of the district court, the order awarding costs and attorney fees, and the order granting summary judgment. We remand this case for further proceedings that are consistent with this opinion. We award appellant costs, but not attorney fees, on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.