## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 35079

| | | |
|---|---|---|
| T.J.T., INC., a Washington corporation, | ) | Boise January 2010 Term |
| | ) | |
| Plaintiff-Appellant, | ) | 2010 Opinion No. 41 |
| | ) | |
| v. | ) | Filed: April 15, 2010 |
| | ) | |
| ULYSSES MORI, an individual | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendant-Respondent. | ) | SUBSTITUTE OPINION. THE |
| | ) | COURT'S PRIOR OPINION |
| | ) | DATED MARCH 26, 2010, |
| | ) | IS HEREBY WITHDRAWN. |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

District court order granting summary judgment, dismissed.

Moffett, Thomas, Barrett, Rock & Fields, Chtd., Boise, for appellant. Tyler James Anderson argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for respondent. D. John Ashby argued.

---

BURDICK, Justice

Appellant T.J.T., Inc. (TJT) appeals from the district court's grant of summary judgment to Respondent Ulysses Mori (Mori) in connection with a non-compete agreement entered into between the parties. TJT argues that the district court erred in finding that the Non-Competition Agreement was void and therefore unenforceable under California law. TJT also appeals from the district court's award of attorney fees and costs to Mori in the amount of $107,236.85, and the court's denial of TJT's Motion for Reconsideration. Because we do not have jurisdiction to hear this case, we dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

TJT filed its Complaint on June 1, 2007, seeking injunctive relief and imposition of a constructive trust, and raising claims including breach of fiduciary duty, breach of contract on three separate grounds, breach of the implied covenant of good faith and fair dealing, and

1

tortious interference on two separate grounds. Following a hearing on October 22, 2007, the district court issued an order denying TJT's motion for a preliminary injunction. On January 31, 2008, the district court denied TJT's request for partial summary judgment and granted Mori's motion for summary judgment in its entirety, holding that the Non-Competition Agreement was void as a matter of California law. The Order concluded: "The Court hereby GRANTS Mori's motion for summary judgment and DENIES TJT's motion for partial summary judgment. IT IS SO ORDERED."

TJT appealed to this Court from that Decision and Order on March 13, 2008. On June 2, 2008, the court entered its Order and Judgment, awarding Mori his requested attorney fees and costs in the amount of $107,236.85. The Judgment referred to the January 31, 2008, order granting summary judgment and stated that Mori was the prevailing party. TJT filed an amended notice of appeal with this Court on June 23, 2008. Prior to that date, on June 16, 2008, TJT filed a Motion for Reconsideration, which was denied by the district court on November 21, 2008. TJT then filed its Second Amended Notice of Appeal with this Court on December 31, 2008.

## II. ANALYSIS

### A. Standard of Review

"The question of subject matter jurisdiction may be raised by the Court at any time *sua sponte*." *In re Quesnell Dairy,* 143 Idaho 691, 693, 152 P.3d 562, 564 (2007). "The timely filing of a notice of appeal is jurisdictional." *In re Universe Life Ins. Co.*, 144 Idaho 751, 755, 171 P.3d 242, 246 (2007). Jurisdictional issues are questions of law over which this Court exercises free review. *Christian v. Mason*, 148 Idaho 149, __, 219 P.3d 473, 475 (2009).

### B. Jurisdiction

In *Camp v. East Fork Ditch Co.*, this Court defined a final judgment as "an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. It must be a separate document that on its face states the relief granted or denied." 137 Idaho 850, 867, 55 P.3d 304, 321 (2002) (internal citations omitted). We further stated in *In re Universe Life Insurance Co.*, that "[a]n order granting summary judgment does not constitute a judgment." 144 Idaho at 756, 171 P.3d at 247. In addition, Idaho Rule of Civil Procedure 58(a) requires: "Every judgment shall be set forth on a separate document."

Idaho Rule of Civil Procedure 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In other words, "[t]he judgment sought is a final determination of a claim or claims for relief in the lawsuit." *Spokane Structures, Inc. v. Equitable Inv., LLC*, No. 35349-2008, 2010 WL 309004, at *3 (Idaho Jan. 28, 2010). In *Spokane Structures*, this Court explained:

> The relief to which a party is entitled is not the granting of a motion for summary judgment. The Rule refers to the relief to which the party is ultimately entitled in the lawsuit, or with respect to a claim in the lawsuit. The granting of a motion for summary judgment is simply a procedural step towards the party obtaining that relief.

*Id*. Because the granting of a motion for summary judgment is simply a procedural step, "merely typing 'It is so ordered' at the end of a memorandum decision does not constitute a judgment." *Id*. at *4. Instead, "[t]he judgment must be a separate document that does not contain the trial court's legal reasoning or analysis." *Id*.

In this case the district court signed an order granting summary judgment and then entered a judgment awarding costs and attorney fees, but no final judgment was entered that stated the relief granted or denied and represented a final determination of the rights of the parties. Therefore, we have no jurisdiction to hear the appeal.

### III. CONCLUSION

We find that this Court does not have jurisdiction to hear the appeal as no final and appealable judgment was entered below; therefore, the appeal is dismissed.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**