# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35119

| | | |
|---|---|---|
| TOWER ASSET SUB INC., a Delaware corporation, | ) ) ) | Coeur d'Alene, April 2010 Term |
| Plaintiff, | ) ) | 2010 Opinion No. 87 |
| and | ) ) | Filed: August 25, 2010 |
| SPECTRA SITE, LLC, | ) ) | Stephen Kenyon, Clerk |
| Real Party in Interest-Respondent, | ) ) | |
| v. | ) ) ) | AMENDED OPINION, THE COURT'S PRIOR OPINION DATED JULY 26, 2010 IS |
| DOUGLAS P. LAWRENCE and BRENDA J. LAWRENCE, husband and wife, | ) ) ) | HEREBY WITHDRAWN |
| Defendants-Appellants | ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The appeal is <u>dismissed</u>.

Douglas P. Lawrence and Brenda J. Lawrence, Coeur d'Alene, pro se appellants. Douglas Lawrence argued.

James, Vernon & Weeks, P.A., Coeur d'Alene, for respondent. Susan Weeks argued.

---

HORTON, Justice

This case involves the question whether Mark and Robert Hall (the Halls) hold an easement over the land of Douglas and Brenda Lawrence (the Lawrences). Spectra Site Communications, LLC (Spectra Site) leases the Halls' property and seek to enforce the claimed easement. This is a companion case to *Capstar Radio Operating Co. v. Lawrence*, No. 35120-2008.

1

The Lawrences appeal from the district court's memorandum decision and order granting Spectra Site's motion for summary judgment. Because we do not have jurisdiction to decide this case, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Lawrences and Halls own parcels of property on Blossom Mountain, south of Post Falls, Idaho. In 2002, Capstar filed an action seeking recognition of an easement over the property owned by the Lawrences to maintain and repair a radio transmitter located on Capstar's property. Tower Asset Sub Inc. (Tower), a predecessor entity now merged with Spectra Site, filed this similar action in 2003. The district court granted summary judgment in favor of Tower on a theory of express easement. The Lawrences appealed and this Court reversed, finding that the district court erred in its conclusion that an express easement existed over the Lawrence property in favor of the Hall parcel. *Tower Asset Sub Inc. v. Lawrence,* 143 Idaho 710, 715, 152 P.3d 581, 586 (2007).

On remand, Tower renewed its motion for summary judgment and moved to substitute Spectra Site as the real party in interest. On February 6, 2008, the district court issued a combined decision in both the Capstar and Tower/Spectra Site cases captioned as a "Memorandum Decision and Order Granting Plaintiff's Motion for Summary Judgment, and Order Granting Plaintiff's Motion to Substitute Real Party in Interest" (the Memorandum Decision). Although the Memorandum Decision granted summary judgment in favor of Spectra Site, there is no judgment in the record. The Lawrences now appeal.

## II. STANDARD OF REVIEW

This Court may raise the issue of subject matter jurisdiction at any time on its own initiative. *T.J.T., Inc. v. Mori,* 148 Idaho 825, 826, 230 P.3d 435, 436 (2010) (citing *In re Quesnell Dairy,* 143 Idaho 691, 693, 152 P.3d 562, 564 (2007)). Indeed, "this Court is always obligated to ensure its own jurisdiction." *State v. Doe*, 149 Idaho 353, ___, 233 P.3d 1275, 1278 n. 3 (2010) (citing *Highlands Dev. Corp. v. City of Boise,* 145 Idaho 958, 960, 188 P.3d 900, 902 (2008)). "Jurisdictional issues are questions of law over which this Court exercises free review." *T.J.T., Inc.,* 148 Idaho at 826, 230 P.3d at 436 (citing *Christian v. Mason,* 148 Idaho 149, 151, 219 P.3d 473, 475 (2009)).

### III. ANALYSIS

The Memorandum Decision concluded with a section entitled "Order" that states, in pertinent part, as follows: "**IT IS HEREBY ORDERED** that the Renewed Motion for Summary Judgment filed by *Capstar v. Lawrence,* CV 2002 7671 and Renewed Motion for Summary Judmgnet [sic] filed in *Tower Asset Sub, Inc. v. Lawrence,* CV 2003 4621, are **GRANTED**." (capitalization, bold original).

In *In re Universe Life Insurance Co.,* this Court reiterated earlier statements that "[a]n order granting summary judgment does not constitute a judgment." 144 Idaho 751, 756, 171 P.3d 242, 247 (2007) (citing *Camp*; *Hunting v. Clark Co. School Dist. No. 161,* 129 Idaho 634, 931 P.2d 628 (1997)). More recently, in *Spokane Structures, Inc. v. Equitable Inv., LLC,* 148 Idaho 616, 619, 226 P.3d 1263, 1266 (2010), this Court explained that "[t]he judgment sought is a final determination of a claim or claims for relief in the lawsuit." The Court continued:

> The relief to which a party is entitled is not the granting of a motion for summary judgment. [Rule 54(c), I.R.C.P.] refers to the relief to which the party is ultimately entitled in the lawsuit, or with respect to a claim in the lawsuit. The granting of a motion for summary judgment is simply a procedural step towards the party obtaining that relief.

*Id.*

Thus, when faced with the situation where the trial court had entered an order granting summary judgment, but no separate judgment was entered, this Court had no alternative but to dismiss the appeal for lack of jurisdiction. *T.J.T., Inc.,* 148 Idaho at 826, 230 P.3d at 436. For the same reason, this appeal must be dismissed.

### IV. CONCLUSION

This Court does not have jurisdiction to decide this appeal as no final and appealable judgment was entered below. The appeal is therefore dismissed.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.