# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35120

| | | |
|---|---|---|
| CAPSTAR RADIO OPERATING COMPANY, | ) ) | Coeur d'Alene, April 2010 Term |
| | ) | 2010 Opinion No. 86 |
| Plaintiff-Respondent, | ) ) | |
| | ) | Filed: August 25, 2010 |
| v. | ) | |
| | ) | Stephen Kenyon, Clerk |
| DOUGLAS P. LAWRENCE and BRENDA J. LAWRENCE, husband and wife, | ) ) ) | AMENDED OPINION, THE COURT'S PRIOR OPINION |
| Defendants-Appellants. | ) ) ) | DATED JULY 26, 2010 IS HEREBY WITHDRAWN |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The appeal is <u>dismissed</u>.

Douglas P. Lawrence and Brenda J. Lawrence, Coeur d'Alene, pro se appellants. Douglas Lawrence argued.

James, Vernon & Weeks, P.A., Coeur d'Alene, for respondent. Susan Weeks argued.

_____

HORTON, Justice

This case involves the question whether Capstar Radio Operating Company (Capstar) holds an easement over the land of Douglas and Brenda Lawrence (the Lawrences) to access a radio transmitter located in Kootenai County. It is related to *Tower Asset Sub Inc. v. Lawrence*, No. 35119-2008, also before this Court.

The Lawrences appeal from the district court's memorandum decision and order granting Capstar's motion for summary judgment. Because we do not have jurisdiction to decide this case, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Lawrences and Capstar own parcels of property on Blossom Mountain, south of Post Falls, Idaho. In 2002, Capstar filed this action seeking recognition of an easement over the

1

property owned by the Lawrences to maintain and repair a radio transmitter located on Capstar's property. Tower Asset Sub Inc. (Tower) filed a similar action in 2003. Capstar moved for summary judgment on express, implied, and prescriptive easement theories. After the Lawrences complained that Capstar was being unresponsive to their discovery requests, the district court ruled solely on the express easement theories. It found that an express easement existed based upon an earlier contract between two other parties. The Lawrences appealed and this Court reversed, finding that no express easement over the Lawrence property was retained by Capstar's predecessor in interest. *Capstar Radio Operating Co. v. Lawrence,* 143 Idaho 704, 708, 152 P.3d 575, 579 (2007).

On remand, Capstar renewed its motion for summary judgment on the remaining theories of an easement by implication from prior use, an easement by necessity, and a prescriptive easement. The Lawrences subsequently filed a motion for disqualification of the district judge. The district judge heard evidence and issued a written decision declining to disqualify himself. On February 6, 2008, the district court issued a combined decision in both the Capstar and the related Tower cases captioned as a "Memorandum Decision and Order Granting Plaintiff's Motion for Summary Judgment, and Order Granting Plaintiff's Motion to Substitute Real Party in Interest" (the Memorandum Decision). The district court found that an easement by implication from prior use or, in the alternative, an easement by necessity or a prescriptive easement had arisen over the Lawrence property. The district court rejected the Lawrences' defenses. There is no judgment in the record. The Lawrences now appeal.

## II. STANDARD OF REVIEW

This Court may raise the issue of subject matter jurisdiction at any time on its own initiative. *T.J.T., Inc. v. Mori,* 148 Idaho 825, 826, 230 P.3d 435, 436 (2010) (citing *In re Quesnell Dairy,* 143 Idaho 691, 693, 152 P.3d 562, 564 (2007)). Indeed, "this Court is always obligated to ensure its own jurisdiction." *State v. Doe*, 149 Idaho 353, ___, 233 P.3d 1275, 1278 n. 3 (2010) (citing *Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 960, 188 P.3d 900, 902 (2008)). "Jurisdictional issues are questions of law over which this Court exercises free review." *T.J.T., Inc.,* 148 Idaho at 826, 230 P.3d at 436 (citing *Christian v. Mason,* 148 Idaho 149, 151, 219 P.3d 473, 475 (2009)).

### III. ANALYSIS

The Memorandum Decision concluded with a section entitled "Order" that states, in pertinent part, as follows: "**IT IS HEREBY ORDERED** that the Renewed Motion for Summary Judgment filed by *Capstar v. Lawrence,* CV 2002 7671 and Renewed Motion for Summary Judmgnet [sic] filed in *Tower Asset Sub, Inc. v. Lawrence,* CV 2003 4621, are **GRANTED**." (capitalization, bold original).

In *Camp v. East Fork Ditch Co.*, 137 Idaho 850, 55 P.3d 304 (2002), this Court attempted to define the court documents that would constitute final judgments for purposes of I.A.R. 11(a)(1).[1] We stated:

> Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title. *Idah Best, Inc. v. First Security Bank of Idaho, N.A.,* 99 Idaho 517, 584 P.2d 1242 (1978). As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. *Davis v. Peacock,* 133 Idaho 637, 991 P.2d 362 (1999). It must be a separate document, *Hunting v. Clark County School Dist. No. 161,* 129 Idaho 634, 931 P.2d 628 (1997); IDAHO R. CIV. P. 58(a), that on its face states the relief granted or denied.

137 Idaho at 867, 55 P.3d at 321.

Later, in *In re Universe Life Insurance Co.,* this Court reiterated earlier statements that "[a]n order granting summary judgment does not constitute a judgment." 144 Idaho 751, 756,

---

[1] In recent months, this Court has repeatedly addressed the question of what constitutes an appealable order or judgment, most notably in *Spokane Structures, Inc. v. Equitable Inv., LLC,* 148 Idaho 616, 226 P.3d 1263 (2010), *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.,* 148 Idaho 588, 226 P.3d 530 (2010) and *T.J.T., Inc. v. Mori,* 148 Idaho 825, 230 P.3d 435 (2010). In an effort to reduce confusion, this Court has adopted significant changes to the governing rules of civil and appellate procedure. Effective July 1, 2010, I.A.R. 11 now provides:

> An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:
> (a) Civil Actions. From the following judgments and orders of a district court in a civil action:
> (1) Final judgments, as defined in Rule 54(a) of the Idaho Rules of Civil Procedure, including judgments of the district court granting or denying peremptory writs of mandate and prohibition.

I.R.C.P. 54(a) now defines "judgment" and "final judgment" as follows:

> "Judgment" as used in these rules means a separate document entitled Judgment or Decree. A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, courts legal reasoning, findings of fact, or conclusions of law. A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

171 P.3d 242, 247 (2007) (citing *Camp*; *Hunting v. Clark Co. School Dist. No. 161,* 129 Idaho 634, 931 P.2d 628 (1997)). More recently, in *Spokane Structures, Inc. v. Equitable Inv., LLC,* 148 Idaho 616, 619, 226 P.3d 1263, 1266 (2010), this Court explained that "[t]he judgment sought is a final determination of a claim or claims for relief in the lawsuit." The Court continued:

> The relief to which a party is entitled is not the granting of a motion for summary judgment. [Rule 54(c), I.R.C.P.] refers to the relief to which the party is ultimately entitled in the lawsuit, or with respect to a claim in the lawsuit. The granting of a motion for summary judgment is simply a procedural step towards the party obtaining that relief.

*Id.*

Thus, when faced with the situation where the trial court had entered an order granting summary judgment, but no separate judgment was entered, this Court had no alternative but to dismiss the appeal for lack of jurisdiction. *T.J.T., Inc.,* 148 Idaho at 826, 230 P.3d at 436. For the same reason, this appeal must be dismissed.

## IV. CONCLUSION

This Court does not have jurisdiction to decide this appeal as no final and appealable judgment was entered below. The appeal is therefore dismissed.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.

4