IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39739

| | |
|---|---|
| LUIS LOPEZ, | 2013 Unpublished Opinion No. 649 |
| Petitioner-Appellant, | Filed: August 29, 2013 |
| v. | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Respondent. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment denying amended petition for post-conviction relief, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Luis Lopez appeals from the district court's judgment denying Lopez's amended petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

After a jury trial, Lopez was found guilty of conspiracy to traffic in heroin, Idaho Code §§ 18-1701 and 37-2732B(a)(6). Prior to the trial, evidence in Lopez's case was analyzed at the Idaho State Police forensic laboratory in Meridian, Idaho. Years later, letters from the Idaho State Police to Idaho prosecutors identified issues at the Idaho State Police forensic laboratory in Pocatello, Idaho. The letters indicated that employees at the forensic laboratory in Pocatello had wrongfully maintained a box of unaccounted for drugs used for training purposes and tour displays. Employees concealed this box during audits of the facility. The letters also indicated that one employee had ordered a quantity of a drug (GHB) in excess of the amount authorized

1

under the Idaho State Police Forensic Quality Manual. The employee also concealed this drug from inspectors and auditors.

After obtaining a copy of the letters, Lopez filed a pro se petition for post-conviction relief asserting several grounds for relief. Lopez included letters and a report from the Idaho State Police referencing the forensic laboratory issues as exhibits in support of his petition. The district court appointed counsel for Lopez and allowed Lopez to file an amended petition. In the amended petition, Lopez only claimed the State withheld evidence of abuses of state laboratory procedures in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Following an evidentiary hearing, the district court denied the petition. Lopez appeals.[1]

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

---

[1] The final judgment appealed from in this case was not titled "Judgment" or "Decree," as required by Idaho Rule of Civil Procedure 54, but was, instead, titled "Order Denying Amended Petition for Post Conviction Relief." As the Idaho Supreme Court has stated, "Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title." *Capstar Radio Operating Co. v. Lawrence*, 149 Idaho 623, 625, 238 P.3d 223, 625 (2010) (quoting *Camp v. East Fork Ditch Co.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002)). This Court concludes that the document contains the content and substance of a final judgment, and is, therefore, a final judgment.

## III.

## ANALYSIS

Lopez argues the district court erred when the court denied Lopez's petition for post-conviction relief after an evidentiary hearing. Specifically, Lopez argues he should be granted post-conviction relief because the State committed a *Brady* violation by withholding evidence of abuses of forensic laboratory procedures.

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment requires the prosecution to disclose to the defendant all material exculpatory evidence known to the state or in its possession. *Brady*, 373 U.S. at 87. A *Brady* violation requires a showing of three elements: (1) the evidence favors the accused as exculpatory or for impeachment purposes; (2) the state willfully or inadvertently suppressed the evidence; and (3) the accused was prejudiced by the lack of the evidence. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *State v. Shackelford*, 150 Idaho 355, 380, 247 P.3d 582, 607 (2010). *Brady* only extends to evidence that "would be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Shackelford*, 150 Idaho at 380, 247 P.3d at 607 (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). Moreover, the requirement only applies to exculpatory evidence; evidence is exculpatory if it "tends to clear an accused of alleged guilt, excuses the actions of the accused, or tends to reduce punishment." *State v. Gardner*, 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct. App. 1994) (quoting *State v. Johnson*, 120 Idaho 408, 411, 816 P.2d 364, 376 (Ct. App. 1991)). Because the first *Brady* element is dispositive, we need not address the other elements.

Lopez argues the information concerning abuses of state laboratory procedures at the Pocatello forensic laboratory would have assisted him in defending his case. The district court found that the drug testing in Lopez's case was conducted at the Meridian, Idaho laboratory and the analyzing technician in Lopez's case was not implicated in the issues at the Pocatello laboratory. Based on these findings, the district court determined the State did not commit a *Brady* violation because the evidence put forward by Lopez was not exculpatory. We agree.

On appeal, Lopez fails to provide specific information about any issues that took place at the Meridian forensic laboratory, in what manner the issues at the Pocatello laboratory related to Lopez's case, or the actual impact such issues may have had on Lopez's conviction. At the evidentiary hearing, Lopez testified he had no evidence of issues related to his drug tests, and he

conceded that the drug tests in his case were conducted by different people at a different lab than those associated with the issues at the Pocatello laboratory. Thus, Lopez failed to prove by a preponderance of the evidence that the State violated his due process rights by failing to disclose evidence of issues at another forensic laboratory. Therefore, Lopez is not entitled to post-conviction relief, and the district court did not err. The district court's judgment denying Lopez's amended petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**