## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 46627

| | | |
|---|---|---|
| In the Interest of: Austin Lee J. Dudley, A Juvenile Under Eighteen (18) Years of Age. | ) ) | |
| --------------------------------------------------------- | ) | |
| IDAHO DEPARTMENT OF JUVENILE CORRECTIONS, | ) ) | Boise, April 2020 Term |
| | ) | |
| Petitioner-Respondent, | ) | Opinion Filed: July 6, 2020 |
| | ) | |
| v. | ) | |
| | ) | Melanie Gagnepain, Clerk |
| DENNIS DUDLEY, parent of juvenile; and AUSTIN LEE J. DUDLEY, juvenile, | ) ) | |
| | ) | |
| Respondents-Appellants. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Cassia County. Michael P. Tribe, District Judge.

The appeal is dismissed.

Federal Public Defender Services of Idaho, Boise, attorneys for Appellants.

Lawrence G Wasden, Idaho Attorney General, Boise, attorney for Respondent.

_____

BEVAN, Justice

### I. NATURE OF THE CASE

In 2016, John Doe was committed to the custody of Idaho Department of Juvenile Corrections ("IDJC"). After Doe's commitment and upon IDJC's request, the magistrate court ordered Doe's father, Dennis Dudley, to reimburse IDJC for expenses incurred in caring for and treating Doe pursuant to Idaho Code section 20-524(1). Doe and Dudley appealed the reimbursement order to the district court. The district court, acting in its intermediate appellate capacity, affirmed. Doe and Dudley timely appealed the district court's decision. We dismiss.

### II. FACTUAL AND PROCEDURAL BACKGROUND

1

Doe was cited for petit theft on October 19, 2016. Doe's disposition hearing was held shortly thereafter. The magistrate court committed Doe to the custody of IDJC. The court's disposition order specified: "[r]eimbursement to IDJC is also ordered at this time in an amount to be determined."

After Doe was committed, IDJC sent its initial commitment notice to Dudley on November 29, 2016. The notice explained, "Idaho courts *can* require each parent to reimburse [IDJC] a reasonable sum that will cover, in whole or in part, the costs of the care and treatment of juveniles during their placement, *subject to an order of the court*." (Emphasis added). IDJC sent a second letter detailing IDJC's parent reimbursement program to Dudley on December 8, 2016. The reimbursement letter informed Dudley that parents may be held responsible for reimbursing IDJC for the costs of care and treatment while juveniles are in IDJC's custody under Idaho Code section 20-524(1). The letter then explained the monthly amount owed and provided a stipulation for Dudley to sign if he agreed to pay the requested amount of $150.00 per month. The letter also explained "[i]f you disagree with the requested reimbursement amount or the fact that you are responsible for reimbursement please contact us. You have the opportunity to request a hearing for determination." After no response from Dudley, IDJC sent a third letter on January 10, 2017, reminding Dudley of the reimbursement process. Still, Dudley did not respond.

Based on Dudley's lack of response, IDJC moved the magistrate court for a hearing, asking the court to order Dudley pay $150.00 per month as reimbursement. Dudley, through counsel, opposed IDJC's motion for parent reimbursement. The magistrate court heard arguments about parental reimbursement on October 18, 2017. Finding Dudley was obligated to reimburse IDJC, the magistrate court ordered Dudley pay $150.00 per month to IDJC while Doe was in custody. The reimbursement order clearly stated, "Dudley [wa]s not required to make any payments toward the accruing balance until further review by the [magistrate court] at a status conference to be [held] one year" from October 25, 2017. There is no evidence in the record establishing that a status conference was ever held or what amount, if any, Dudley was ultimately ordered to pay.

Doe and Dudley jointly appealed the magistrate court's reimbursement order to the district court. Doe and Dudley argued Dudley was denied due process, the magistrate court lacked jurisdiction to enter a binding reimbursement order against Dudley under the Juvenile

2

Corrections Act, and the magistrate court's reimbursement order was an abuse of discretion. The district court heard oral argument and issued its opinion affirming the magistrate court. Both the juvenile Doe and Dudley appeal to this Court.

### III. ISSUE ON APPEAL

Whether there is a justiciable controversy before this Court?

### IV. STANDARD OF REVIEW

"Whether an appeal is taken from an appealable order implicates the subject matter jurisdiction of this Court; thus, it can be raised at any time by the parties or by the Court *sua sponte*." *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011) (citing *State v. Loomis*, 146 Idaho 700, 702, 201 P.3d 1277, 1279 (2009)). Whether an order is an appealable order is a question of law that this Court reviews *de novo*. *Id.*

### V. ANALYSIS

#### A. The reimbursement order against Dudley is not a final appealable order.

The reimbursement order against Dudley provides that Dudley is ordered to "reimburse IDJC in an amount accruing at one hundred fifty dollars ($150.00) per month while [Doe] is in the custody of IDJC or until further order of the [c]ourt." The order continues: "[i]t is further ordered that [Dudley] is not required to make any payments toward the accruing balance until further review by the [c]ourt at a status conference to be set one year or as soon thereafter [as possible] from" October 25, 2017. IDJC mentions in a footnote that this case is not ripe because the reimbursement order postponed payment until a status conference on Dudley's ability to pay was held. For the reasons discussed below, this Court holds the reimbursement order is not a final appealable order.

"As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010). "Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title." *Id.* If an order or judgment falls short, an appeal is premature. *See id.* at 621, 226 P.3d at 1268.

The Idaho Court of Appeals addressed the statute at issue here in *Action Collection Service, Incorporated v. Black*, 163 Idaho 268, 411 P.3d 312 (Ct. App. 2017); however, the court did not address when a reimbursement order is an appealable order. It did address when a debt

3

under Idaho Code section 20-524(1) has been created. 163 Idaho at 270–72, 411 P.3d at 314–16. The court held an actionable reimbursement debt is not created until "IDJC has provided notice of hearing, the hearing has occurred, *and the court has determined the amount of the debt*." *Id.* at 272, 411 P.3d at 316 (emphasis added). If a debt under section 20-524(1) has not been created until an actual amount is determined by the court, no obligation of a parent to pay is created until that time as well. *See id.*

Here, there is no showing that the magistrate court has determined an amount is owed by Dudley. In fact, Doe and Dudley acknowledge the holding below is potentially harmless if the amount Dudley is responsible for is ultimately determined to be zero dollars. At the reimbursement hearing, the magistrate court ruled:

> I will, according to Idaho Code 20-524(1), enter a judgment in the amount of . . . $150.00 per month. I will delay - - *I will postpone payments or any attempt to execute on this judgment for a one-year period to revisit this matter and Mr. Dudley's condition to see if he is able to work or what his financial situation is.*

(Emphasis added). The reimbursement order, in accordance with the ruling from the bench, stated: "[i]t is further ordered that [Dudley] is not required to make any payments toward the accruing balance until further review by the [c]ourt at a status conference to be set one year or as soon thereafter from" October 25, 2017. There is no record of a status conference taking place nor is there any documentation in the record that Dudley was ultimately ordered to pay the $150.00 per month reimbursement or some other specified amount. Thus, the court below has not determined that reimbursement is due. *See Action Collection Serv.*, 163 Idaho at 271–72, 411 P.3d at 315–16. Without such a determination, the reimbursement order does not "end the lawsuit, adjudicate[] the subject matter or the controversy, [or] represent[] a final determination of the rights of the parties" because it remains unknown what amount, if any, Dudley owes IDJC in reimbursement fees. *See Spokane Structures*, 148 Idaho at 620, 226 P.3d at 1267. This appeal is thus dismissed because the reimbursement order is not a final appealable order.

## VI. CONCLUSION

This Court dismisses the appeal because the reimbursement order is not a final appealable order.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

4