186 P.3d 670

STATE of Idaho, Plaintiff–Respondent,

v.

Maximo CHACON, Defendant–Appellant.

No. 33197.

Court of Appeals of Idaho.

Feb. 28, 2008.

Review Denied June 12, 2008.

Maximo Chacon, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Maximo Chacon appeals from his judgment of conviction for conspiracy to traffic in methamphetamine and failure to affix a drug tax stamp. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The police arrested a woman who purchased methamphetamine, and the woman agreed to participate with the police as a confidential informant. The police suspected that Chacon and his brother, Jesus Chacon, were running a drug operation. The confidential informant was familiar with the Chacon brothers and subsequently participated

with the police by engaging in several controlled drug purchases from the suspected drug operation. At the conclusion of the confidential informant's controlled drug purchases, the police arrested Chacon, Jesus, and several other individuals believed to be involved in the sales. The state charged Chacon by amended information with one count of conspiracy to traffic in methamphetamine in violation of I.C. §§ 18–1701, 37–2732(a)(1)(A), 37–2732(f) and 37–2732B(a)(4)(C), and one count of failure to affix a tax stamp in violation of I.C. §§ 63–4205, 63–4207.[1]

At trial, the state offered testimony by the confidential informant that Chacon set up the final drug purchase during a telephone conversation with the confidential informant. The confidential informant testified that the voice on an audio recording of the telephone conversation belonged to Chacon. The state also offered a note found under Chacon's jail cell door. The note set forth a strategy for its author and the intended recipient to present authorities with the same story. The district court admitted the note over Chacon's objection. At the close of the state's case, Chacon moved for a judgment of acquittal pursuant to I.C.R. 29. The district court denied Chacon's motion. The jury found Chacon guilty of both counts. The district court imposed a unified sentence of thirty years, with a minimum period of confinement of fifteen years, for the conspiracy offense, and a concurrent five-year determinate term for the tax stamp offense. Chacon appeals pro se.

## II.

### ANALYSIS

On appeal, Chacon asserts that the district court erred in admitting into evidence the note found under his jail cell door. Chacon also asserts that the district court erred in denying his motion for judgment of acquittal because the district court relied on the confidential informant's uncorroborated testimony on Chacon's guilt. Additionally, Chacon asserts that his counsel provided ineffective assistance by failing to argue in support of the motion for judgment of acquittal that the state had not satisfied the corroboration requirements for the confidential informant's testimony.

### A. Jail Cell Note

At trial, Chacon objected to admission of the note found under his jail cell door on the basis that the state did not properly authenticate the note as Chacon's writing, and the note was therefore inadmissible hearsay evidence. The district court ruled that the state properly authenticated the note pursuant to I.R.E. 901, and the note was thus exempt from the hearsay rule as an admission of a party. On appeal, Chacon asserts that the district court committed reversible error in relying on lay opinion testimony to authenticate the note as an admission of a party opponent not subject to the hearsay rule.

■ The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin,* 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct.App.1999). The decision to admit hearsay evidence under an exception is also reviewed for abuse of discretion. *State v. Moore,* 131 Idaho 814, 822, 965 P.2d 174, 182 (1998). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multitiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

---

1. The amended information is not included in the record before us. We have therefore relied on the verdict form and the judgment of conviction to determine the charges contained in the amended information.

### 1. Authentication

■ Idaho Rule of Evidence 901(a) provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Subpart (b) of the rule gives a number of examples of methods by which an exhibit may be authenticated, but these examples are provided by way of illustration only and not by way of limitation. *State v. Silverson*, 130 Idaho 283, 284, 939 P.2d 859, 860 (Ct.App. 1997). Thus, written and signed documents may be authenticated through circumstantial evidence. *See id.* at 285, 939 P.2d at 861.

In the present case, the note referred to members of the alleged conspiracy and the confidential informant and suggested a strategy for the author and its intended recipient to "have our stories the same." The state's offer of proof included testimony from officers employed at the county jail or involved in the investigation of the alleged conspiracy, a map demonstrating the layout of the county jail, and the handwritten note. One officer testified as to the layout of the county jail, the location of the cells of Chacon and his alleged co-conspirators, and the methods commonly used by inmates within the county jail to communicate with notes. This officer testified that one method of exchanging notes was to leave them under a cell door for another inmate to pick up when he passed by the cell. The officer who discovered the note under the door to Chacon's jail cell also testified as to this method and testified that he found the note under Chacon's door just prior to when Jesus, Chacon's brother and alleged co-conspirator, would be passing by Chacon's cell while returning from the "Rec" area. A third officer, who was involved in the investigation of Chacon and the drug operation read the note aloud for the district court, stopping repeatedly to eliminate possible authors and potential recipients of the note based on its contents. After reading the entire note in this manner, the officer testified that Chacon was the "only one person that could author the note," and Jesus was the intended recipient.

Based on the state's offer of proof, the district court ruled that "the contents and substance of the note, taken in conjunction with the circumstances, do provide convincing circumstantial evidence that Mr. Max Chacon is the author of this letter." We agree. The state presented sufficient circumstantial evidence that Chacon wrote the note. Contrary to Chacon's assertions, a trial court may rely on lay opinion testimony, such as the third officer's testimony in this case, in ruling that a party has properly authenticated a written document. *See Silverson*, 130 Idaho at 285, 939 P.2d at 861. *See also* I.R.E. 701. The Idaho Rules of Evidence did not require the state to present expert testimony or forensic evidence establishing conclusively that Chacon authored the note in order to properly authenticate the note. The district court did not abuse its discretion in ruling that the state properly authenticated the note.

### 2. Hearsay

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). *See also State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App.1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Pursuant to the party-opponent exclusion, however, a statement is not hearsay if the statement is offered against a party and is the party's own statement, in either an individual or a representative capacity. I.R.E. 801(d)(2)(A).

■ Although the district court appears to have assumed that the note was offered to prove the truth of the matters asserted therein and thus fell within the definition of hearsay, we do not reach that conclusion. The note did not contain any assertions of fact tending to indicate that Chacon was guilty of the charged offenses. Rather, the note set forth a strategy for its author and the intended recipient to present authorities with the same story. The note was not, therefore, offered to prove the truth of the

matters asserted therein. Furthermore, even if we were to assume that the note fell within the definition of hearsay, we would conclude that the district court properly admitted the note as a nonhearsay statement by a party-opponent. We have already concluded that the district court did not abuse its discretion in ruling, pursuant to I.R.E. 901, that the state properly authenticated that Chacon wrote the note. The Idaho Rules of Evidence do not include a heightened requirement to authenticate a written document offered as the nonhearsay admission of a party-opponent. We thus conclude that the district court also properly ruled that the state provided a sufficient foundation that Chacon wrote the note for the purposes of I.R.E. 801(d)(2)(A). Any statements in the note offered to prove the truth of the matters asserted therein were nonhearsay admissions of a party-opponent. The district court did not abuse its discretion in admitting the note over Chacon's hearsay objection.

## B.  Motion for Judgment of Acquittal

■ At trial, Chacon moved for a judgment of acquittal at the close of the state's case, arguing that there was insufficient evidence. The district court denied Chacon's motion, and Chacon then presented evidence in defense. Chacon contends that the district court erred in denying his motion for a judgment of acquittal because the state only connected him to the conspiracy with the uncorroborated testimony of an accomplice— the confidential informant.

■ Idaho Criminal Rule 29(a) provides that the trial court on motion of the defendant or on its own motion shall order the entry of judgment of acquittal of one or more charged offenses after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields,* 127 Idaho 904, 912–13, 908 P.2d 1211, 1219–20 (1995). Where, as here, the defendant presents evidence in defense after denial of the motion for judgment of acquittal, this Court will conduct a review of all of the evidence presented at trial to determine whether it was sufficient to support the conviction. *See State v. Watson,* 99 Idaho 694, 698, 587 P.2d 835, 839 (1978); *State v. Henninger,* 130 Idaho 638, 640, 945 P.2d 864, 866 (Ct.App.1997). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

■ Chacon relies on I.C. § 19–2117, which provides:

A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

The purpose of the corroboration requirement is to offset the danger that an accomplice may wholly fabricate testimony inculpating an innocent person in order to win more lenient treatment for the alleged accomplice. *State v. Pecor,* 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct.App.1998); *State v. Campbell,* 114 Idaho 367, 369, 757 P.2d 230, 232 (Ct.App.1988). An accomplice is a person involved in the commission of a crime,

whether he or she participates directly or indirectly. *State v. Ruiz*, 115 Idaho 12, 16, 764 P.2d 89, 93 (Ct.App.1988). To be an accomplice, it is sufficient to aid and abet, advise, or encourage the commission of the crime. *Id. See also* I.C. §§ 18–204, 19–1430. The general rule, however, is that one who participates in a crime for the purpose of gathering evidence against another participant is not an accomplice. *State v. Perez*, 99 Idaho 181, 183, 579 P.2d 127, 129 (1978). An informer or agent in the employ of the police who makes a narcotics purchase from a suspected seller is not an accomplice. *Id.* A person who participates in criminal activity only as an agent of law enforcement lacks the requisite criminal intent to have aided or abetted the commission of the crime. *See id.* A person's status as an accomplice can be decided as a matter of law if it appears without substantial conflict in the testimony that the person participated in, or encouraged, the crime. *Ruiz*, 115 Idaho at 16, 764 P.2d at 93. But where there is uncertainty whether a witness is an accomplice, the issue should be submitted to the jury to be determined as a question of fact. *Id.*

In the present case, the confidential informant was not an accomplice to the conspiracy to traffic in methamphetamine. Chacon appears to assert that the confidential informant was a part of the conspiracy because she was akin to a promoter of future sales for Chacon and the other alleged dealers. Chacon further asserts that the state's charging instrument names the confidential informant as one of his alleged co-conspirators in the trafficking scheme. Chacon's argument fails, however, because the confidential informant participated in the controlled drug buys as an agent of law enforcement. The confidential informant agreed to participate with the police after the police arrested her for an illegal purchase of drugs. The police then instructed the confidential informant which dealers she should target, provided her with money to make the controlled drug buys, and conducted audio recordings of the conversations leading to the drug buys with her consent. The confidential informant was clearly an informer or agent in the employ of the police who made a narcotics purchase from suspected sellers. Under these circumstances, the confidential informant lacked the requisite criminal intent to aid and abet the conspiracy to traffic in methamphetamine. We conclude that the confidential informant was not an accomplice to Chacon. *See Perez*, 99 Idaho at 183, 579 P.2d at 129. We also conclude that the issue should not have been submitted to the jury to be determined as a question of fact because there was no substantial conflict in the evidence as to the confidential informant's status. *See Ruiz*, 115 Idaho at 16, 764 P.2d at 93. The rule prohibiting an accomplice's uncorroborated testimony did not apply. Therefore, even if the confidential informant's testimony was uncorroborated, the district court did not err in denying Chacon's motion for judgment of acquittal.

**C. Ineffective Assistance of Counsel**

■ Chacon asserts that counsel provided ineffective assistance by failing to argue in support of the motion for judgment of acquittal that the state impermissibly relied on the uncorroborated testimony of an accomplice—the confidential informant.

We have already held that the confidential informant was not an accomplice to Chacon and, accordingly, the rule prohibiting an accomplice's uncorroborated testimony did not apply. Counsel would have been unsuccessful, therefore, if he had argued that Chacon was entitled to a judgment of acquittal based on the rule prohibiting an accomplice's uncorroborated testimony. Because the argument would have failed if counsel had presented it, we conclude, as a matter of law, that Chacon's claim of ineffective assistance of counsel also fails.

**III.**

**CONCLUSION**

The district court did not erroneously admit the note found under the door to Chacon's jail cell. The district court did not err in denying Chacon's motion for judgment of acquittal. Counsel did not provide ineffective assistance by failing to argue in support of the motion for judgment of acquittal that the state impermissibly relied on the uncorroborated testimony of an accomplice. We

therefore affirm Chacon's judgment of conviction for conspiracy to traffic in methamphetamine and failure to affix a drug tax stamp.

Chief Judge GUTIERREZ and Judge LANSING concur.

