# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38612

| | | |
|---|---|---|
| MAXIMO CHACON, | ) | 2012 Unpublished Opinion No. 648 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 28, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying petition for post-conviction relief, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Maximo Chacon appeals from the district court's order denying his petition for post-conviction relief after an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Following trial, a jury found Chacon guilty of conspiracy to traffic in methamphetamine and failure to affix a drug tax stamp. After conviction, the district court imposed a unified thirty-year sentence, with fifteen years determinate, for the conspiracy offense and a concurrent, determinate sentence of five years for the drug tax offense. Chacon directly appealed, and this Court affirmed Chacon's judgment of conviction. *State v. Chacon*, 145 Idaho 814, 186 P.3d 670 (Ct. App. 2008).

In June 2009, Chacon filed a petition for post-conviction relief, along with a supporting affidavit, alleging ineffective assistance by both his defense and appellate counsel. He asserted defense counsel provided ineffective assistance in five ways: by failing to request and review all

1

discovery materials before trial; by failing to provide copies of discovery to Chacon prior to trial; by failing to communicate with Chacon during trial preparation; by failing to follow Chacon's instructions in attempting to negotiate a plea; and by failing to investigate and introduce evidence favorable to Chacon, including evidence regarding a confidential informant. Chacon asserted his appellate counsel also provided ineffective assistance by failing to inform Chacon of the ramifications of proceeding pro se and by failing to inform Chacon that by raising ineffective assistance of counsel claims on direct appeal, grounds not raised on direct appeal could nonetheless be encompassed by such claims, acting as a bar to further bringing other potential ineffective assistance of counsel claims on different grounds in future proceedings.

The State moved for summary disposition on the basis that Chacon alleged ineffective assistance of counsel on direct appeal and was accordingly barred from raising the issue in a post-conviction petition. After a hearing on the State's motion, the district court denied summary disposition. In its denial of the motion, the district court cited to this Court's precedent that post-conviction proceedings are the better procedural vehicle for addressing ineffective assistance of counsel claims arising from off-the-record circumstances, and the district court reasoned that some of the allegations in Chacon's post-conviction petition were not expressly alleged on direct appeal, nor did they appear to be part of the record in the direct appeal or underlying criminal case. The district court concluded that Chacon had not had a meaningful opportunity to raise those specific claims of ineffective assistance of counsel prior to post-conviction proceedings and, therefore, the claims were not barred.[1]

In December 2010, the district court conducted an evidentiary hearing regarding the merits of Chacon's post-conviction claims of ineffective assistance of counsel. Chacon, as well as both defense and appellate counsel, testified. After the hearing, the district court ordered a transcript of the underlying criminal trial and pretrial hearings, took judicial notice of those

---

[1] As to the additional claims of ineffective assistance of counsel Chacon made, the district court did conclude they were barred. Specifically, the district court found evidence within the record from the underlying criminal case regarding Chacon's claims that (1) defense counsel failed to challenge the amendment of the criminal pleading, (2) defense counsel inadequately cross-examined the confidential informant, and (3) defense counsel failed to request certain jury instructions. Consequently, the district court concluded such claims should have been or were in fact raised on direct appeal and denied any consideration of claims of ineffective assistance of counsel on such grounds in the post-conviction proceedings, citing to Idaho Code § 19-4901(b).

records, and took the matter under advisement. Thereafter, the district court issued findings of fact and conclusions of law denying the petition and entered a corresponding judgment in February 2011.[2] Chacon timely appeals, asserting the supporting affidavit to his petition and the testimony at the evidentiary hearing demonstrate a reasonable probability that the outcome of trial would have been different absent counsel's mistakes.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

All of Chacon's claims relate to ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella*, 148 Idaho at 477, 224 P.3d at 544. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below

---

[2] Though the document is entitled "Order," we look to the substance, not the form of the document, *Estate of Holland v. Metro. Prop. and Cas. Ins. Co.*, 153 Idaho 94, 99, 279 P.3d 80, 85 (2012), and find the document is indeed a final judgment and complies with Idaho Rule of Civil Procedure 54(a) and Idaho Appellate Rule 11(a) because it disposes of the issues in the case and contains no findings of fact, legal reasoning, or conclusions of law. I.R.C.P. 54(a); *Capstar Radio Operating Co. v. Lawrence*, 149 Idaho 623, 625, 238 P.3d 223, 225 (2010).

an objective standard of reasonableness. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Id.*

**III.**

**DISCUSSION**

**A.     Ineffective Assistance of Defense Counsel**

      **1.     Reviewing or providing discovery**

In support of his claims regarding discovery, Chacon testified at the evidentiary hearing that his defense counsel did not request or review discovery and that Chacon asked for, but did not receive, copies of videotapes in evidence. Defense counsel also testified and disputed Chacon's assertion that he did not request or review discovery. To the contrary, defense counsel testified that he obtained discovery from Chacon's prior counsel and made further requests to the prosecutor for other discovery. He also stated that he provided copies of all discovery materials to Chacon, except copies of the videotapes. However, defense counsel testified that the tapes were made available to Chacon for review and he had informed Chacon of their availability.

The failure to make discovery requests may constitute ineffective assistance of counsel only where the claimant also alleges what evidence was discoverable that counsel failed to uncover. *State v. Porter*, 130 Idaho 772, 792, 948 P.2d 127, 147 (1997). On a claim of ineffective assistance for failure to provide discovery, a defendant must allege and show how being provided discovery or having counsel do other specific tasks would have led to a different outcome at trial. *See Thomas v. State*, 145 Idaho 765, 770-71, 185 P.3d 921, 925-26 (Ct. App. 2008).

The district court found the following facts: defense counsel requested copies of documents from Chacon's prior attorney and contacted the prosecutor to secure other discovery materials; defense counsel reviewed all of those discovery materials and met with Chacon to review the same with him; and defense counsel provided Chacon with copies of all discovery except the video recordings because it was counsel's policy and practice not to release video

4

recordings out of protection for the client, but informed Chacon that the recordings were available for viewing in counsel's office. The district court concluded, "There was no evidence presented at trial identifying a single piece of discovery information that [defense counsel] failed to request, receive, or make available to Mr. Chacon."

The findings of fact are supported by the record. Though Chacon, on this appeal, points out that defense counsel admitted to not providing tapes in evidence to Chacon, Chacon does not dispute the factual finding that the tapes were in his counsel's possession and made available to Chacon. Additionally, Chacon failed to show how providing copies of discovery, if there was a further duty to so, would have affected the outcome of the trial and does not allege what evidence, if any, was discoverable, but that counsel failed to uncover. The district court's findings of fact were not clearly erroneous, and the district court did not err in determining that Chacon failed to support this claim.

### 2.     Pretrial communication

Chacon testified at the evidentiary hearing that he could never reach his defense counsel, met only once with defense counsel prior to trial, and attempted to fire him before trial because Chacon felt defense counsel was unprepared. Chacon also testified that had he and defense counsel had more time to consult in preparation for trial, Chacon could have addressed a decisive confidential informant issue. In his testimony, defense counsel admitted he was not as prepared for trial as he would have liked to have been and did meet with Chacon only once prior to trial. Nevertheless, defense counsel also testified that he spoke with Chacon on the phone a few times, made himself available to meet with Chacon on evenings and weekends at his office, directed Chacon to contact his office to make appointments, and spoke with Chacon's wife on several occasions. Defense counsel stated his lack of preparation was due both to the difficultly in trying to communicate and connect with his client, and to an amendment to the pleadings made just prior to trial that changed his defense strategy, compounded by the fact he was not granted a continuance.

We have recognized claims of ineffective assistance for counsel's failure to communicate. *Thomas*, 145 Idaho at 768, 185 P.3d at 924. In regards to such a claim, it is insufficient to simply say there was a lack of communication without also alleging how further consultation might have affected the results at trial. *Parrott v. State*, 117 Idaho 272, 275, 787 P.2d 258, 261 (1990). The issue was first raised in the criminal trial and the trial judge

5

determined any failure to communicate or difficulty in preparing for trial was the fault of Chacon, not defense counsel. The district court, in post-conviction proceedings, agreed and, in finding Chacon did not meet his burden, stated the evidence was not persuasive in establishing any deficiency by defense counsel. Chacon did not include a copy of the trial transcript from the criminal case in the record on appeal. We will presume the missing portions of such record support the actions of the district court in this case, *see Retamoza v. State*, 125 Idaho 792, 795, 874 P.2d 603, 606 (Ct. App. 1994), and conclude there is no error. To the extent Chacon alleges that further consultation with defense counsel would have affected the confidential informant issue, Chacon also cannot show any deficiency, as is discussed below.

### 3. Plea negotiations

Chacon asserts defense counsel provided ineffective assistance by failing to follow Chacon's instructions regarding plea negotiations. He alleges that had counsel relayed information to the prosecutor that Chacon had information about drug producers and suppliers, a reasonable probability existed that Chacon would have received a more favorable plea offer, resolving the matter before going to trial. As to the plea the State offered Chacon, Chacon testified that he refused the offer based on his counsel's belief that Chacon had a good case for trial. Defense counsel also testified about the plea offer and indicated that the plea offer included a single charge and a term that the State would recommend a sentence to be served concurrently with Chacon's sentence from a separate case. He went on to explain that Chacon had an alibi defense, was perhaps overly confident about his chances at trial, and did not take the plea despite defense counsel's concerns about the admission of an inculpatory letter and his opinion that the plea was not a bad offer. Defense counsel further testified that he did not recall having a conversation with Chacon about information Chacon had relating to drug activity, but if Chacon had told counsel that he had such information, defense counsel would have relayed that to the prosecutor in negotiating a plea.

A defendant is entitled to effective assistance of counsel in plea negotiations. *See Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1405-08 (2012). When defense counsel fails to communicate a formal plea offer to the defendant that may be favorable to the defendant, counsel's assistance is deficient. *Id.* at ___, 132 S. Ct. at 1408. To establish prejudice, the defendant must show there was a reasonable probability as to three aspects of the plea: (1) the defendant would have accepted the earlier plea offer had he been afforded effective assistance of

6

counsel; (2) neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Id.* at ___, 132 S. Ct. 1409-10. We recognize Chacon's argument does not present precisely the same issue as in *Frye*, which only considered a formal plea offer that was never communicated to the defendant. Rather, here, Chacon additionally asserts that defense counsel's deficient pretrial performance relating to noncommunication with Chacon resulted in little to no bargaining power in plea negotiations. Still, *Frye* provides persuasive guidance. Therefore, we apply its analysis to claims where a defendant asserts that defense counsel's deficient pretrial performance relating to discovery and noncommunication resulted in little to no bargaining power in plea negotiations.

Though Chacon alleges he would have taken a favorable plea offer, the record contradicts him. From testimony at the evidentiary hearing, it is evident that Chacon refused a plea offer with a more favorable recommendation for sentencing. Furthermore, the district court found defense counsel's testimony credible. Defense counsel stated that, in negotiating a plea, he would have spoken with the prosecutor about any information Chacon had about other participants in a drug scheme, which could be helpful to the State, had Chacon made such a request. We will not disrupt such credibility determinations and agree with the district court that Chacon failed to show any deficiency by defense counsel.

### 4. Investigation and introduction of evidence

Chacon asserts defense counsel was deficient for failing to investigate and introduce further evidence, specifically regarding the confidential informant and a letter in evidence. The confidential informant was a primary witness against Chacon, and Chacon alleges defense counsel should have investigated and introduced evidence regarding the informant's credibility and her drug addiction, or pressed the State for evidence that was corroborative of the informant's testimony. Chacon also faults defense counsel for not requesting a jury instruction in regards to the confidential informant. Furthermore, Chacon asserted counsel was deficient for failing to obtain a handwriting expert as a witness to help Chacon demonstrate that a critical letter, used against him at trial, was not written by Chacon. Defense counsel testified at the evidentiary hearing that he did not ask for an instruction regarding the confidential informant because it was his practice to argue credibility on the general instruction given by the court; he did not bring in evidence of the informant's drug addiction or attack her credibility, as he thought

7

her addiction was obvious and she admitted to it in front of the jury; and he did not press the prosecution for evidence that was corroborative of the informant's testimony because he thought it unnecessary. As to the letter, defense counsel testified it was probably the most incriminating piece of evidence used at trial because it showed Chacon had significant knowledge of the drug conspiracy and its participants. Still, defense counsel testified that Chacon did not say the letter was not his writing; rather, Chacon was confident that the State would not be able to prove that Chacon wrote the letter.

We consider only the claim as pled and decided before the district court, which limits our consideration to the investigation and introduction of evidence regarding the confidential informant and request for a handwriting expert.[3] Defense counsel is generally bound to conduct a prompt and thorough pretrial investigation of his or her case. *Davis v. State*, 116 Idaho 401, 407, 775 P.2d 1243, 1249 (Ct. App. 1998). Strategic choices made after only partial investigation are reasonable only to the extent that reasonable professional judgment supports the

---

[3] Chacon's claims of ineffective assistance based on counsel's failure to request jury instructions, inadequate cross-examination of the confidential informant, and need for corroborating evidence are not properly before this Court. As pled, Chacon only asserted that defense counsel provided ineffective assistance because counsel "failed to adequately investigate the snitch and obtain critical information regarding the snitch's background." Additionally, the district court did not decide the issues regarding jury instructions or cross-examination relating to the confidential informant, finding they were barred--a ruling Chacon does not dispute in this appeal. The district court recognized that such claims need not be raised on direct appeal, though they can be, and that this Court "has routinely reserved judgment on allegations of ineffective assistance of counsel in direct appeals because criminal case records are typically inadequate to allow full consideration of such allegations." We have done so because ineffective assistance of counsel claims often involve conduct that is off the record, rarely making for an adequate review on direct appeal, and post-conviction proceedings allow for the development of an evidentiary basis. *See, e.g., State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003). Nonetheless, the district court found adequate evidence in the transcripts of the criminal case and direct appeal of defense counsel's on-the-record conduct directly regarding the requests for jury instructions and the cross-examination of the confidential informant. We do not have those transcripts before us and presume they support the actions of the district court in this case. *See Retamoza v. State*, 125 Idaho 792, 795, 874 P.2d 603, 606 (Ct. App. 1994). Finally, this Court resolved on direct appeal the question of whether the State was required to present evidence corroborative of the informant's testimony, concluding that the informant's testimony was not subject to the rule requiring such evidence. *State v. Chacon*, 145 Idaho 814, 818-819, 186 P.3d 670, 674-75 (Ct. App. 2008). Therefore, the claim relating to the need for corroborating evidence is barred by the operation of res judicata. *McKinney v. State*, 133 Idaho 695, 707, 992 P.2d 144, 156 (1999).

limitations on investigation. *Strickland*, 466 U.S. at 690-91. The decision of what evidence should be introduced at trial is tactical. *State v. Yakovac*, 145 Idaho 437, 447, 180 P.3d 476, 486 (2008). When faced with a tactical choice, there is a strong presumption that counsel's decision fell within the wide range of reasonable choices. *Id.* Where the record supports finding that counsel conducted a normal and reasonable investigation, an allegation that counsel could have done more does not mean that counsel did not do enough. *State v. Payne*, 146 Idaho 548, 578, 199 P.3d 123, 153 (2008).

The district court found that Chacon did not present evidence demonstrating a deficient investigation of the confidential informant or show any evidence that was previously available, but undiscovered by defense counsel regarding the informant. As to the desire for a handwriting expert, Chacon presented nothing to support the proposition that a handwriting expert would have been able to challenge the foundation laid by the State in order to admit the incriminating letter. Significantly, this Court found the letter was properly authenticated and admitted at trial as a nonhearsay statement of a party opponent. *Chacon*, 145 Idaho at 817-18, 186 P.3d at 673-74. In the absence of any supporting evidence showing counsel was deficient, Chacon cannot overcome the strong presumption that defense counsel's decisions, as to the extent he investigated and introduced evidence regarding the confidential informant or opted not to provide a handwriting expert, were within the range of competent assistance. The district court did not err in denying relief on this claim.

B.    **Ineffective Assistance of Appellate Counsel**

Chacon asserts his appellate counsel provided ineffective assistance by failing to inform Chacon of the ramifications of proceeding pro se and by failing to inform Chacon that by raising ineffective assistance of counsel claims on direct appeal, grounds not raised on direct appeal could nonetheless be encompassed by such claims, acting as a bar to further bringing other potential ineffective assistance of counsel claims on different grounds in future proceedings. Appellate counsel, in his testimony, stated that he was fired by Chacon and, upon termination, provided Chacon with all the deadlines, records, and transcripts in the case and filed a notice of withdrawal. Appellate counsel testified that he did not allege ineffective assistance of counsel as an issue to be tried in the notice of appeal and, beyond filing the notice, did not discuss with Chacon what other issues needed to be addressed on appeal in order for Chacon to preserve his rights in the event he continued to represent himself.

9

The district court found appellate counsel did not provide advice of the possible ramifications of proceeding pro se or of including a claim of ineffective assistance of counsel on direct appeal due to counsel's understanding that the letter received from Chacon terminated the attorney-client relationship. The district court further found that Chacon presented no evidence that such advice was required under the circumstances. In other words, Chacon did not demonstrate that once Chacon terminated the attorney-client relationship, appellate counsel still had a duty to provide professional advice to Chacon. Accordingly, Chacon cannot prove deficient or prejudicial performance.

## IV.

## CONCLUSION

We conclude the district court did not err when it found that Chacon presented no evidence that defense counsel's performance fell below any objective standard of reasonableness and, therefore, Chacon failed to demonstrate any deficiency by defense counsel. We further conclude the district court did not err when it found Chacon did not present evidence showing appellate counsel's failure to provide advice as to how to proceed pro se was deficient. Accordingly, we affirm the denial of Chacon's petition for post-conviction relief.

Chief Judge GRATTON and Judge LANSING **CONCUR.**