FILED

MAR 27 2026

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARC HOWELL,<br>        Debtor. | BAP No. ID-25-1068-NBL<br><br>Bk. No. 23-40446-NGH |
| MANN MORTGAGE, LLC,<br>        Appellant,<br>v.<br>MARC HOWELL,<br>        Appellee. | Adv. No. 24-08002-NGH<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Idaho
Noah G. Hillen, Chief Bankruptcy Judge, Presiding

Before: NIEMANN, BRAND, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

At issue in this appeal is whether a prepetition default judgment established the elements required under § 523(a)(2)(A) to find a debt nondischargeable on the basis of fraud.[1] At trial, appellant Mann Mortgage,

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Civil Rule" references are to the

LLC ("Mann Mortgage") argued that issue preclusion required entry of judgment in its favor. Debtor Marc Howell ("Debtor") raised two arguments in defense: (1) the issue was not actually litigated because of the default nature of the state court judgment; and (2) the bankruptcy court should exercise its discretion not to apply issue preclusion under the facts presented. The bankruptcy court found, instead, that the default judgment was issued solely on the basis of the concurrently asserted breach of contract claim and, therefore, issue preclusion was not available.

Mann Mortgage now appeals both the judgment entered by the bankruptcy court in Debtor's favor and a subsequent order denying reconsideration. Finding no error in the judgment or abuse of discretion in the denial of reconsideration, we AFFIRM.

## FACTS[2]

### A.    Construction Loan and Default Judgment

Debtor operated a manufactured home retail business. Mann Mortgage provided a residential construction loan to Debtor's customer, Brock Beard, for the purchase and installation of a home. Some improvements were made at the home site, and substantial draws were

---

Federal Rules of Civil Procedure.

[2] We exercise our discretion, when appropriate, to take judicial notice of documents electronically filed in the underlying bankruptcy case and related proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

taken on the loan by Debtor's business. However, the home was not ultimately delivered.

Mann Mortgage, which had an assignment of rights from Brock Beard and his wife McKenna Beard, sued Debtor in Idaho state court for specific performance, fraud, and breach of contract.[3] Debtor did not respond to the complaint, and Mann Mortgage obtained an order of default against Debtor. Mann Mortgage then filed an application for entry of default judgment and supporting declaration by Mann Mortgage's counsel. The affidavit provided: "This is an action seeking $210,223.75 in damages *for breach of contract* against Defendants Rocky Mountain Homes & RV Outlet, LLC, Marc Howell, and Jennifer Lucas" (emphasis added). The application, in turn, provided:

> [T]he affidavit … filed concurrently herewith, establishes proof of, (a) a sum certain due and owing Plaintiff Mann Mortgage, LLC by Defendants, (b) *pursuant to a contract claim*, (c) that Defendants are not member(s) of the military service of the United States of America, are neither minor(s), nor an incompetent person(s), and (d) costs properly awardable by the Clerk.

(emphasis added). The state court entered a default judgment against Debtor (the "Default Judgment") a week later. The Default Judgment provides, in its entirety:

---

[3] Debtor stated at trial that Mann Mortgage sued Debtor to collect on the loan after Brock and McKenna Beard filed bankruptcy themselves.

Judgment is entered in favor of Mann Mortgage, LLC as follows:

      1.     Against Defendants in the amount of $210,223.75.

## B. Adversary Proceeding and Trial

A few months later, Debtor filed bankruptcy. Mann Mortgage brought an adversary proceeding to except the Default Judgment from discharge under § 523(a)(2)(A), on the basis that the debt was obtained by fraud.

The adversary proceeding went to trial roughly a year later. The parties stipulated to the admission of most exhibits, which consisted primarily of the documents filed in the state court action. Mann Mortgage relied on the issue preclusive effect of the Default Judgment and submitted its case after a brief opening statement.

Debtor presented two witnesses—himself and his employee, Jennifer Lucas, who managed the books for the business. Debtor said the cost of the manufactured homes increased dramatically from his supplier, Champion Homes, during the COVID pandemic. As a result, Debtor's business was unable to complete several ongoing projects. Multiple lawsuits followed.

When Debtor's business received the lawsuits from customers, the business would respond by sending evidence of the remittances to Champion Homes to the counsel listed on the papers served. Both witnesses testified the funds received from Mann Mortgage were remitted to Champion Homes as progress payments, per Debtor's agreement with

the Beards.[4] Debtor insisted the liability should rest not with him, but with Champion Homes.

Debtor testified that the local sheriff investigated the transfers received from Mann Mortgage upon allegations of grand theft by McKenna Beard. Debtor cooperated with the investigation and provided evidence of payments to Champion Homes.[5] No criminal charges were brought against Debtor, which Debtor submitted as proof that no fraud occurred. The sheriff's report was admitted as Debtor's only exhibit.

Debtor did not contest the Default Judgment but argued issue preclusion did not apply because the fraud claim was not actually tried by the state court. Debtor also testified he did not understand a claim of fraud was asserted against him by Mann Mortgage. Citing *Wright v. Parish*, 172 Idaho 218 (2023) (issue preclusion did not apply where issue of source of funds for purchase of separate property was not litigated in the underlying partition action), Debtor asked the court to exercise its discretion to "look behind" the Default Judgment and find it would be unfair to apply issue preclusion under the circumstances.[6]

---

[4] Both witnesses also vaguely referenced deducting some small percentage, as a fee owing to Debtor's business, before remitting the bulk of the payments to Champion Homes and contractors.

[5] Debtor did not produce at trial the information provided to the sheriff.

[6] If a bankruptcy court finds issue preclusion is available—meaning all the elements of issue preclusion have been met—the court has broad discretion as to the application of issue prelusion to the case at hand. *Javahery v. Javaheri-Leitner (In re Javahery)*, BAP No. CC–16–1195–CTaF, 2017 WL 971780, *10 (9th Cir. BAP Mar. 14, 2017)

## C. Decision and Judgment by the Bankruptcy Court

The bankruptcy court issued its decision a month later. The court ruled in favor of Debtor and delivered its findings and conclusions orally at a telephonic hearing (the "Oral Ruling"). The court found Mann Mortgage failed to meet its burden of proof to establish all of the elements of issue preclusion under Idaho law. Specifically, Mann Mortgage failed to demonstrate that the issue of fraud was actually decided in the prior litigation.

The court found that both the application for a default judgment and the supporting affidavit by Mann Mortgage's counsel referenced the claim for breach of contract specifically, but did not mention the claim for fraud. Based on these findings, the bankruptcy court concluded that, while fraud was one of three claims asserted in the state court action, the Default Judgment "was based on breach of contract." Therefore, the Default Judgment had no preclusive effect on the subsequent claim under § 523(a)(2)(A), which required a finding of false pretenses, false representation, or actual fraud.

Judgment was separately entered in Debtor's favor (the "Judgment"), and the adversary proceeding was dismissed.

---

(citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 and nn.14–16 (1979)). However, "[r]efusal to give preclusive effect to a final judgment requires a 'compelling showing of unfairness[.]'" *Id.* (citation omitted). Here, the bankruptcy court found the required elements of issue preclusion were not satisfied. Therefore, the bankruptcy court did not reach Debtor's arguments that it would be unfair to apply issue preclusion.

6

## D.    Motion for Reconsideration

Mann Mortgage filed a motion to reconsider the Judgment asserting two bases for relief. First, Mann Mortgage argued that the bankruptcy court, in finding not all claims were resolved by the Default Judgment, misapplied controlling Idaho law regarding the effect of a default judgment. Second, Mann Mortgage argued it was improper for the bankruptcy court to base its decision on an issue raised sua sponte after trial, to which Mann Mortgage was not given an opportunity to respond.

The bankruptcy court entered an order denying the motion for reconsideration two weeks later (the "Order Denying Reconsideration"). The Order Denying Reconsideration noted Mann Mortgage elected to present limited evidence at trial and relied on issue preclusion principles to establish its case in chief. Mann Mortgage, not Debtor, had the burden to demonstrate the elements of issue preclusion. The bankruptcy court's Judgment simply found Mann Mortgage did not meet the burden of proof Mann Mortgage always had.

The Order Denying Reconsideration also addressed Mann Mortgage's argument that the Default Judgment necessarily decided all asserted claims. The order noted that, while the Default Judgment was silent on its face as to the asserted claims, the application and supporting declaration for the Default Judgment were not. Those documents established that Mann Mortgage sought default judgment on the breach of contract claim. Further, if the Default Judgment included all asserted

7

claims for relief, the Default Judgment also would have allowed specific performance, which it clearly did not. The evidence submitted by Mann Mortgage did not demonstrate the Default Judgment was based on Mann Mortgage's fraud claim.

The bankruptcy court further noted it had discretion in the application of issue preclusion and any reasonable doubts as to what was decided by a prior judgment should be resolved against a finding of issue preclusion. The record before the bankruptcy court, at best, left such doubts, and the court exercised its discretion not to apply issue preclusion.

Mann Mortgage timely appealed both the Judgment and the Order Denying Reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158. [7]

## ISSUES[8]

1.      Did the bankruptcy court err in finding Mann Mortgage failed to meet its burden of proof to establish the elements of issue preclusion under Idaho law?

---

[7] Two days before oral argument in this appeal, the chapter 7 trustee filed a motion to revoke Debtor's discharge pursuant to § 727(d)(3). That motion was subsequently withdrawn and this Panel retains jurisdiction to issue this decision.

[8] The arguments raised by Mann Mortgage in its motion for reconsideration are identical to the challenges asserted to the Judgment—(1) the bankruptcy court misapplied Idaho law in finding issue preclusion was not available, and (2) the bankruptcy court inappropriately raised the issue of the fraud claim for relief not being

8

2.      Did the bankruptcy court err in raising Mann Mortgage's failure to establish issue preclusion "sua sponte" after trial?

## STANDARDS OF REVIEW

"The bankruptcy court's allocation of the burden of proof is a conclusion of law we review de novo." *Margulies Law Firm, APLC v. Placide (In re Placide)*, 459 B.R. 64, 71 (9th Cir. BAP 2011). We also review de novo a bankruptcy court's determination of whether issue preclusion was available. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 461 (9th Cir. BAP 2015). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

In the adversary proceeding, Mann Mortgage raised only one claim for relief under § 523(a)(2)(A) and relied solely upon the Default Judgment to establish the elements of that claim.

---

actually decided by the Default Judgment "sua sponte" after trial. Therefore, even though Mann Mortgage also appeals the Order Denying Reconsideration, there are no additional issues for us to consider as to that order. Our review of the Order Denying Reconsideration (which is reviewed under an abuse of discretion standard) is subsumed by our review of the Judgment (which we review de novo). *Lee v. Roessler-Lobert* (*In re Roessler-Lobert*), 567 B.R. 560, 567 (9th Cir. BAP 2017) (holding bankruptcy court orders denying motions for reconsideration under Civil Rule 59 are reviewed for abuse of discretion).

## A. Elements of § 523(a)(2)(A) Claim

Section 523(a)(2)(A) excepts from the discharge otherwise afforded to a debtor any debt obtained by "false pretenses, a false representation, or actual fraud."[9] The elements of a claim under § 523(a)(2)(A) are:

(1) the debtor made representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010). The creditor bears the burden of establishing each of these elements by a preponderance of the evidence. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

---

[9] Section 523, in relevant part, provides:

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
…
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition
. . .

## B. Elements of Issue Preclusion

The doctrine of issue preclusion, also known as collateral estoppel, prevents a party from relitigating an issue that was actually litigated and that the party lost in a prior proceeding.[10] *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999); *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 92 (9th Cir. BAP 2000). Although dischargeability is a concept unique to bankruptcy, issue preclusion may apply in § 523(a) nondischargeability litigation. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824 (9th Cir. BAP 2006*)* (citing *Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991)). If an element of a claim under § 523(a) was decided in prior litigation, the debtor will be precluded from contesting that element in the § 523 action.

In determining the preclusive effect of a state court judgment, the bankruptcy court must apply the preclusion law of the state in which the judgment was issued. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). "If a state court would give preclusive effect to a judgment rendered by courts of that state, then the Full Faith and Credit Statute (28 U.S.C. § 1738) imports the same consequence to an action in federal court based on the same award." *Khaligh*, 338 B.R. at 824.

---

[10] The parties also used the phrase "res judicata" when referencing the issue preclusive effect of the Default Judgment. Res judicata is sometimes used to generically apply to either claim preclusion or issue preclusion. Claim preclusion does not apply to dischargeability actions. *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 873 (9th Cir. 2005). *See also Griffithe v. Samec (In re Griffithe)*, 674 B.R. 91, 105-07 (9th Cir. BAP 2025) (discussing the distinctions between claim and issue preclusion).

The Default Judgment that Mann Mortgage argued was preclusive was entered in Idaho. The elements required for issue preclusion under Idaho law are:

(1)  the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case;

(2)  the issue decided in the prior litigation was identical to the issue presented in the present action;

(3)  the issue sought to be precluded was actually decided in the prior litigation;

(4)  there was a final judgment on the merits in the prior litigation; and

(5)  the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Bach v. Bagley*, 148 Idaho 784, 795 (2010). Further, Idaho law permits the application of issue preclusion to default judgments, absent evidence of fraud or collusion. *Waller v. Dep't of Health & Welfare*, 146 Idaho 234, 238 (2008).

"The party asserting preclusion bears the burden of establishing the threshold requirements." *Plyam*, 530 B.R. at 462. "This means providing 'a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action.'" *Id.* (quoting *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996)). "Any reasonable doubt as to what was decided by a prior judgment should be

12

resolved against allowing the [issue preclusive] effect." *Kelly*, 182 B.R. at 258; *see also Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 108 (9th Cir. BAP 2007) ("[P]reclusion is an affirmative matter as to which the proponent of preclusion has the burden of persuasion and bears the correlative risk of nonpersuasion.").

## C. The Default Judgment Was Not Issue Preclusive

The bankruptcy court found Mann Mortgage failed to establish the third element of issue preclusion under Idaho law—that the issue sought to be precluded was actually decided in the prior litigation.[11] Mann Mortgage's assertions that this finding was in error boils down to two arguments—(1) the bankruptcy court misapplied Idaho law in determining that issue preclusion was not established; and (2) the bankruptcy court inappropriately raised the issue sua sponte after trial. We address each argument separately.

### 1. Misapplication of Idaho Law

Mann Mortgage asserts the fraud claim was decided, as a matter of Idaho law, because the claim was not dismissed prior to entry of (or as a

---

[11] In the Order Denying Reconsideration, the bankruptcy court also questioned "whether the vague assertions of fraud within [Mann Mortgage's] state court complaint would have been sufficient to support the § 523(a)(2) cause of action against [Debtor]." Such a deficiency would go to the second element of issue preclusion—that the issue decided in the prior litigation was identical to the issue presented in the present action. The bankruptcy court decided it could not reach that issue because no fraud claim was established as the basis for the Default Judgment.

component of) the Default Judgment.[12] In support of this argument, Mann Mortgage cites 2010 amendments[13] to Rule 54(a) of the Idaho Rules of Civil Procedure ("IRCP"), which defines judgment. Those amendments, as set forth in Appellant's brief, were as follows (with the additions underlined):

> **Rule 54(a). Judgments - Definition - Form.** "Judgment" as used in these rules ~~includes a decree and any order from which an appeal lies~~ means a separate document entitled "Judgment" or "Decree". A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, ~~or~~ the record of prior proceedings, the court's legal reasoning, findings of fact, or conclusions of law. A judgment is final if either it has been certified as final pursuant to

---

[12] Mann Mortgage, nevertheless, later argues that "the fact that the request for specific performance was not dismissed is inapposite to the fraud claim since specific performance is an equitable remedy, not a claim for relief." Appellant's Br. at 27. Specific performance was the first of the three claims for relief asserted in the state court complaint.

[13] Those amendments were made, per Mann Mortgage, in response to a case related to the finality of a summary judgment. *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616 (2010). In *Spokane Structures*, a customer decided not to go forward with a design/build agreement with a contractor and the contractor sued for breach of contract and unjust enrichment. After the district court granted summary judgment, but before the judgment was entered a month later, the construction company appealed. The Idaho Supreme Court found the order granting summary judgment did not constitute a judgment and, therefore, the appeal was premature. *Spokane Structures*, 148 Idaho at 619. Since the motion for summary judgment resolved all of the substantive issues in the case, the builder's premature appeal became valid upon the entry of the final judgment. The Idaho Supreme Court held, therefore, that it had jurisdiction to hear the appeal. *Id.* at 621. In reaching that threshold determination, the Idaho Supreme Court acknowledged that prior decisions had "contributed to the confusion" of whether a decision was a final determination subject to appeal.

> subsection (b)(l) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

Mann Mortgage extrapolates the following from these amendments and its interpretation of *Spokane Structures, Inc. v. Equitable Inv., LLC,* 148 Idaho 616 (2010): (1) the bases for the relief granted in the judgment are determined by the claims for relief asserted, not the judgment itself; and (2) because a judgment may include the dismissal of any claim for relief, if it does not (and the claim for relief is not otherwise dismissed prior to entry) the claim is decided by the judgment. However, Mann Mortgage does not cite any case interpreting the amended language of IRCP 54(a) in this manner. Nor does the plain language of the amended statute so provide.

Mann Mortgage argues "the Bankruptcy Court conflated the basis for Mann Mortgage's application for default judgment and the basis for the default judgment issued by the State Court." Appellant's Br. at 29. Mann Mortgage asserts the plaintiff is not required to specify the claim for relief in its application for a default judgment and the court is not limited to entering default on the basis stated in the application. This argument is non-sensical in light of the requirements set forth in IRCP 55 for entry of a default judgment. To qualify for default judgment on a sum certain, the application must "show the method of computation, together with any original instrument evidencing the claim unless otherwise permitted by the court." IRCP 55(b)(1). On any other claim that is not for a sum certain,

"[t]he court may conduct hearings or make referrals when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." IRCP 55(b)(2). Mann Mortgage acknowledges this distinction as it noted how much easier it is to obtain default judgment, under IRCP 55(b)(1), for a claim for a sum certain or a sum that can be made certain by computation—i.e., a breach of contract claim for relief—than for another claim for relief, like fraud, where an additional prove-up hearing will be required.

Mann Mortgage chose the easiest route to obtain the Default Judgment, which is not inappropriate or even atypical in practice. However, in so doing, Mann Mortgage chose to limit the issues actually decided and, thereby, the preclusive effect of the Default Judgment. Just because a default judgment *can* include all claims for relief does not mean the plaintiff cannot elect to seek a default judgment on less than all claims for relief. In the application and supporting affidavit filed in Idaho state court, Mann Mortgage could have set forth the attestations required to support a default judgment on the fraud claim also but it did not.

Mann Mortgage notes Debtor is deemed to have admitted all allegations in the state court complaint because he failed to answer. This argument may have been relevant to a request to the state court to also enter a default judgment as to the fraud claim. However, it is not relevant to our review of whether the elements of issue preclusion were established.

16

We find no support for the proposition that a plaintiff is entitled to a default judgment on all claims for relief when the plaintiff seeks such a judgment under only one. The cases and statutes cited by Mann Mortgage do not hold otherwise. The purpose of the application and affidavit, as noted in the body of the application itself, is to make a prima facie case for relief. The court then determines whether a prove-up hearing is needed in light of the claims asserted as the basis for the relief. Mann Mortgage made no such prima facie showing before the state court as to the fraud claim.

Nor is there any evidence that the state court decided sua sponte to add the fraud claim to the Default Judgment. The damages awarded under the fraud claim also may or may not have been the same as the amount owed under the contract. The amount of the judgment is only supported by the calculation of the amounts due under the contract. Further, as noted by the bankruptcy court in both the Oral Ruling and the Order Denying Reconsideration, any doubts as to what issues were decided by the state court are resolved against the party seeking the preclusive effect. *Kelly*, 182 B.R. at 258; *Herrera v. Scott (In re Scott)*, 588 B.R. 122, 131 (Bankr. D. Idaho 2018).

For each of these reasons, the bankruptcy court did not err in finding the Default Judgment did not support issue preclusion in the § 523(a) litigation.

### 2. Bankruptcy Court Raised Deficiency "Sua Sponte"

Mann Mortgage had the burden of proving each of the elements required for a nondischargeability claim under § 523(a)(2)(A) by a preponderance of the evidence. Mann Mortgage chose to satisfy that burden through issue preclusion of the Default Judgment. Mann Mortgage then had to meet a second set of required elements for issue preclusion to apply. The bankruptcy court ultimately found Mann Mortgage failed to meet the requirements for issue preclusion to apply to the fraud claim for relief. As a result, none of the elements required for a claim under § 523(a)(2)(A) were established by the evidence submitted by Mann Mortgage. The fact that Debtor did not highlight, or perhaps even perceive, this deficiency at trial did not change Mann Mortgage's burden of proof under both § 523(a)(2)(A) and issue preclusion under Idaho law. The bankruptcy court did not, therefore, inappropriately raise the failure of Mann Mortgage to meet the requirements of issue preclusion under Idaho law "sua sponte" after trial.

### CONCLUSION

Based on the foregoing, we AFFIRM.